```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
  SHAILENDRA GHORPADE,                                     :
                                       Plaintiff,          :
                                                           :           14-CV-4379 (JPO)
                  -v-                                      :
                                                           :           OPINION AND ORDER
  METLIFE, INC., METLIFE GROUP, INC., and                  :
  CHRISTOPHER TOWNSEND,                                    :
                                       Defendants.         :
                                                           :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Shailendra Ghorpade brings this action against Defendants MetLife, Inc., MetLife Group, Inc. (collectively "MetLife"), and Christopher Townsend, a MetLife executive. Ghorpade, also a former MetLife executive, alleges that MetLife wrongfully terminated him in violation of the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*; that MetLife wrongfully discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and that MetLife and Townsend wrongfully discriminated against him in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101, *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-12, *et seq*.  MetLife and Townsend move to dismiss the NYCHRL, NYSHRL, and NJLAD claims under Federal Rule of Civil Procedure 12(b)(6) and Townsend moves to dismiss all claims against him under Federal Rule of Civil Procedure 12(b)(2).  For the reasons that follow, MetLife and Townsend's motion to dismiss is granted and Townsend's motion to dismiss is denied as moot.

1

I.   Background[1]

Ghorpade worked for MetLife, a New York-based insurance company, for seventeen years.  Ghorpade lives in New Jersey.  With the exception of two temporary assignments abroad—one to London and the other to India—Ghorpade worked in MetLife's New York or New Jersey offices for his whole career.  Even during the temporary assignments, Ghorpade paid New Jersey income taxes, kept his home in New Jersey, kept all of his bank accounts in New Jersey, and maintained his telephone number in New Jersey.  During his time at MetLife, Ghorpade never received a negative performance review and was consistently promoted.

In November 2011, MetLife selected Ghorpade to be Chairman of its insurance operations in India.  He was 57 years old at the time.  This position was temporary, but MetLife represented that it would last for at least three years.  After some negotiations with MetLife's human resources department, Ghorpade and MetLife reached an understanding that they memorialized in a letter.  Ghorpade would "remain an employee of MetLife Group, Inc. on the United States payroll and benefits scheme" but he would be "based in the offices of MetLife India," a separately incorporated subsidiary of MetLife.  (Dkt. No. 15, First Amended Complaint ["Complaint"] ¶ 48.)  Ghorpade moved with his family to India in 2012.

While he worked in India, Ghorpade remained on MetLife's U.S. payroll, received his salary in his New Jersey bank account, used a U.S.-based Blackberry with a New Jersey number, and used a "U.S.-issued laptop computer, which was connected to a U.S.-based server."  (*Id.* ¶ 54.)  He continued to be subject to U.S. tax withholding.  Ghorpade alleges—and MetLife does not dispute—that MetLife India's operations are controlled and directed by MetLife in New

---

[1] The following facts are taken from the complaint and are presumed to be true for the purposes of this motion.

York.  For this reason, Ghorpade returned to New York and New Jersey "several" times while he was Chairman of MetLife's India operations.  (*Id.* ¶ 59.)

During his time in India, Ghorpade reported to Townsend, President of MetLife's Asia regional operations.  Townsend—who, on Ghorpade's "information and belief, is in his early forties" (*id.* ¶ 62)—lives in Hong Kong and frequently travels to New York to conduct MetLife business.  Townsend uses office space at MetLife's New York headquarters when he works here, but the parties dispute whether this space is "a dedicated workspace," as Ghorpade describes it (*id.* ¶ 68), or an "open office on the executive group floor," as Defendants describe it, (Dkt. No. 17, Defendants' Memorandum of Law in Support of its Motion to Dismiss, at 4 ["Defendants' Memorandum"]).

Shortly after Ghorpade arrived in India, it became clear to him that Townsend wanted to push him out of his job "simply because [Ghorpade] was too old for . . . Townsend's preferences."  (Complaint ¶ 73.)  Though Ghorpade had been in India only a few months, Townsend gave him an "unjustly critical and negative performance review for 2012."  (*Id.* ¶ 74.)  The review contained materially inaccurate information that Townsend later retracted.  Townsend denied Ghorpade incentive pay for 2012—the first time that happened in Ghorpade's career.  But Townsend gave incentive pay to Rajesh Relan, the 40-year-old CEO of a MetLife subsidiary in India, despite the fact that he was rated an "underperformer."  (*Id.* ¶ 77.)  In February of 2014, Townsend inexplicably failed to give Ghorpade a Long Term Incentive Award ("LTIA"), despite the fact that Ghorpade had met his performance goals.  Townsend gave LTIAs to all his other subordinates, the vast majority of whom were younger than Ghorpade.  On February 28, 2014, Townsend fired Ghorpade.  Ghorpade was sixty years old and had worked for MetLife for seventeen years.  At the time he was fired, Ghorpade was three years away from qualifying for a substantially more lucrative pension.

**II.     Discussion**

Defendants do not challenge Ghorpade's claims under ERISA and the ADEA. They argue only that his claims under the NYSHRL, NYCHRL, and NJLAD must be dismissed because, at the time of the alleged discrimination, Ghorpade did not work in New York or New Jersey. Townsend also argues that he is not subject to this Court's personal jurisdiction.

**A.     Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw . . . all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006) (quotation marks omitted). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

**B.     New York**

Under New York State and New York City Law, it is an "unlawful discriminatory practice" for an employer to discharge or otherwise discriminate against an employee because of his age. *See* NYCHRL § 8-107[1][a]; NYSHRL § 296. But the NYCHRL applies only to "persons in" New York City; and the NYSHRL applies only to New York State "inhabitants" and persons "within" New York State. *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 289 (2010). Ghorpade does not contend that he is an "inhabitant" of the State of New York. Thus, the question is whether he was "in" or "within" the City or State of New York when the discriminatory acts were alleged to have taken place.

The New York Court of Appeals interprets the NYCHRL and NYSHRL to require that a non-resident plaintiff allege that she suffered the "impact" of discrimination within the City or State of New York. *Id.* Ghorpade does not contend that he was physically within the State of New York when MetLife and Townsend discriminated against him. Instead, he argues that, because his employment relationship with MetLife was centered in New York and his assignment to India was merely temporary, he was really working in New York within the meaning of the relevant statutes. In support of his position, Ghorpade cites *Torrico v. IBM Corp.*, 213 F. Supp. 2d 390 (S.D.N.Y. 2002) (Lynch, J.). There, the plaintiff worked for IBM in New York State and was sent to Chile on a three-year temporary assignment where he alleged that he was discriminated against. Judge Lynch applied a "center of gravity" test to determine whether the employment relationship should be governed by New York or Chilean law. *Id.* Ghorpade argues that the Court should do the same here. Under that test, Ghorpade argues that he has sufficiently pleaded that, on the basis of all of the relevant factors, his employment was really "within" New York. But *Torrico* was decided before the New York Court of Appeals' decision in *Hoffman*. And in *Hoffman*, the Court of Appeals made clear that, to plead a claim under the NYCHRL and NYSHRL, a plaintiff must allege that she felt the impact of discrimination within New York City or State.

Ghorpade contends that he was working "in" New York because, in part, his employment contract with MetLife said that he would continue to be a U.S.-based employee. But the fact remains that he had been working in India—physically and otherwise—for almost three years at the time he was fired. The impact requirement is intended to be "relatively simple for courts to apply and litigants to follow, [to] lead[] to predictable results, and [to] confine[] the protections of the NYCHRL [and NYSHRL] to those who are meant to be protected—those who work in [New York]." *Hoffman*, 15 N.Y.3d at 291. To allow an employee to make a claim under the

NYCHRL and NYSHRL merely by agreeing with his employer to remain within its U.S. administrative system would frustrate that purpose.  There may be some cases in which an employee's workplace is sufficiently difficult to pin down that her mere physical presence outside New York at the moment she is discriminated against should not control.  This, though, is not one of those cases.  Defendants' motion to dismiss Ghorpade's New York State and City law claims is granted.

### C. New Jersey

The NJLAD governs "conduct in New Jersey, not outside the state." *Buccilli v. Timby, Brown & Timby*, 283 N.J. Super. 6, 10 (App. Div. 1995) (quoting *D'Agostino v. Johnson & Johnson, Inc. (D'Agostino II)*, 133 N.J. 516, 538-39 (1993)).  Ghorpade notes that he was a New Jersey resident throughout his time in India.  But New Jersey law, unlike New York law, does not extend protection to its residents working abroad.  *E.g.*, *Weinberg v. Interep Corp.*, No. CIV. 05-5458 (JBS), 2006 WL 1096908, at *6 (D.N.J. Apr. 26, 2006)  (New Jersey resident cannot assert claim under NJLAD because his office was in Pennsylvania, even though he generated over $500,000 in revenue from New Jersey sales).  Defendants' motion to dismiss Ghorpade's New Jersey claims is granted.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Ghorpade's NYCHRL, NYSHRL, and NJLAD claims is granted.  Because these are the only claims pleaded against Townsend, his motion to dismiss on personal jurisdiction grounds is denied as moot.

The Clerk of the Court is directed to close the motions at docket numbers 10 and 16.

SO ORDERED.

Dated: December 11, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge